```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MERITAIN HEALTH, INC.         :    CIVIL ACTION
                              :
     v.                       :
                              :
EXPRESS SCRIPTS, INC.         :    NO. 12-129
```

MEMORANDUM

McLaughlin, J.                                    February 13, 2012

The plaintiffs, Meritain Health, Inc. ("Meritain") and Scrip World, LLC ("Scrip World"), have sued the defendant, Express Scripts, Inc. ("ESI") for Lanham Act violations, unfair competition, misappropriation of trade secrets, tortious interference, breach of contract, and breach of covenant of good faith and fair dealing.

ESI has moved to dismiss this case for failure to join an indispensable party and lack of standing or, in the alternative, to transfer it to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a). Having weighed the private and public factors set out in Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995), the Court concludes that transfer is appropriate.

I.   Facts

Plaintiff Scrip World is a Utah limited liability company whose sole member is a Delaware corporation. On January 9, 2012, Scrip World sued ESI, a Delaware corporation with a

principal place of business in Missouri, in the Circuit Court of St. Louis County in Missouri, asserting assorted state law claims, including breach of contract.  In that suit, Scrip World alleged that ESI violated its confidentiality obligations under a Prescription Drug Program Agreement (the "PDPA") by improperly using Scrip World's proprietary information to solicit business from Scrip World's clients.  Scrip World asserted that venue was proper in Missouri because defendant ESI maintained its headquarters in Missouri, and the contract which forms the basis for the claims in the lawsuit was entered into in Missouri.  MTD, Ex. 1 ¶¶ 3, 17-21.  The choice-of-law provision of the PDPA specifies that Missouri law will govern.  Id., Ex. 2 § 8.5.

Two days after filing the Missouri state court action, Scrip World voluntarily dismissed that suit.  Subsequently, on the same day, Scrip World's corporate affiliate, Meritain, initiated the instant lawsuit against ESI in the Eastern District of Pennsylvania, alleging substantially similar facts but under new causes of action.  Meritain is a New York corporation with a principal place of business in New York.  The following day, on January 12, 2012, defendant ESI filed a declaratory judgment action in Missouri state court, seeking a declaration that ESI did not violate the PDPA.  MTD, Ex. 3.  That declaratory judgment action remains pending in Missouri.

Also on January 12, 2012, Meritain filed a motion for temporary restraining order and preliminary injunction, requesting that this Court enjoin ESI from soliciting Meritain's and Scrip World's clients. In support of its request for a preliminary injunction, Meritain alleges that ESI has solicited its clients nationwide, including at least one client each in New Jersey, Florida, Pennsylvania, Texas, Alaska, Arizona, Kentucky, and Virginia. Among the allegedly offending solicitations are ESI form letters listing ESI's St. Louis, Missouri office address, and contacts from ESI representatives in Maryland, Florida, California, Pennsylvania, Ohio, and Georgia. ECF No. 3-5, Parker Decl., Ex. 3; Opp. to Mot. for Transfer, Ex. 1.

Meritain has subsequently amended its complaint to include Scrip World as a plaintiff and add contract claims based on the PDPA and claims under the Lanham Act. ECF No. 18.

II. <u>Discussion</u>

Section 1404(a) of Title 28 states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). Requests for transfer under § 1404(a) may be granted when two conditions are met. First, venue must be proper in the requested venue under 28 U.S.C. § 1391. Second,

the convenience of the parties and witnesses, and the interest of justice must weigh in favor of a transfer to a different forum.

    A.    <u>Proper Venue</u>

Venue is proper under 28 U.S.C. § 1346(b) in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Because defendant ESI maintains its principal place of business in Missouri, venue in the Eastern District of Missouri is proper.

    B.    <u>Transfer of Venue</u>

District courts have broad discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988). The party requesting the transfer has the burden of establishing that transfer is warranted. <u>Jumara</u>, 55 F.3d at 879. Courts consider private and public factors to determine the forum in which the interests of justice and convenience would best be served. <u>Id</u>. Private factors include: (1) the plaintiff's forum preference; (2) the defendant's preference; (3) where the claim arose; (4) the relative physical and financial condition of the parties; (5) the extent to which witnesses may be unavailable for trial in one of

the fora; and (6) the extent to which books and records could not be produced in one of the fora.  Id.

Public factors include: (1) the enforceability of a judgment; (2) practical considerations that could make trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty resulting from court congestion; (4) the local interest in deciding the controversy; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80.

1.  Private Factors

The Court finds that the plaintiffs' choice of forum weighs slightly against transfer to Missouri.  When a plaintiff files in its home forum, that choice ordinarily is entitled to substantial deference.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); Endless Pools, Inc. v. Wave Tec Pools, Inc., 362 F. Supp. 2d 578, 586 (E.D. Pa. 2005).  However, in this case, Pennsylvania is not the plaintiffs' home forum.  Furthermore, the PDPA, which forms the basis for the plaintiffs' claims, was entered into in Missouri and chooses Missouri law.  Although plaintiffs' counsel is based in Pennsylvania, counsel's convenience is not a factor the Court should consider.  The plaintiffs' forum choice, therefore, is entitled to less deference than in cases where a plaintiff files in his home

forum.  See Lacey v. Cessna Aircraft Co., 932 F.2d 170, 179 (3d Cir. 1991); Cain v. DeDonatis, 683 F. Supp. 510, 512-13 (E.D. Pa. 1988); N. Am. Dental Wholesalers, Inc. v. Danaher Corp., No. 11-247, 2011 WL 3606866, at *4 (E.D. Pa. Aug. 15, 2011).

The defendant's preference favors transfer.  ESI is based in Missouri and prefers to litigate this matter in the Eastern District of Missouri.

Where the claim arose weighs strongly in favor of transfer.  This dispute essentially arises out of ESI's alleged breach of its confidentiality obligations under the PDPA, a contract entered into in Missouri and that chooses Missouri law.  The plaintiffs allege that ESI has engaged in a nationwide solicitation campaign and targeted their clients in states ranging from Alaska to Florida to Arizona.  Of the many solicitations to and from states all over the country, the plaintiffs claim that ESI contacted one Pennsylvania client, and that one Pennsylvania-based ESI representative contacted the plaintiffs' client in Virginia.  Opp. to Mot. to Transfer, Ex. 1 ¶¶ 5, 11.  However, two Pennsylvanian connections in an alleged nationwide solicitation campaign do not center this dispute around Pennsylvania.  The central issue in this case is whether ESI was prohibited under a Missouri contract governed by Missouri law from soliciting the plaintiffs' clients.  Indeed, plaintiff Scrip World previously filed substantially similar case in

Missouri and admitted that Missouri was the appropriate venue because "the contract which forms the basis for the claims in this lawsuit was entered in to in St. Louis County." MTD, Ex. 1 ¶ 3.

The convenience of the parties as indicated by their relative physical and financial condition is neutral. The plaintiffs and defendant are nationwide companies that do business all over the country.

The witness availability issue is neutral. The parties did not specifically point to witnesses who would be unavailable if the case were litigated in either Pennsylvania or Missouri.

The books and records issue is also neutral. Neither party has identified any books or records that are located exclusively in either forum.

2.  Public Factors

The public factors weigh slightly in favor of transfer. Most of the public factors, such as the enforceability of the judgment, are neutral. However, the declaratory judgment action pending in Missouri state court involves essentially the same dispute between the same parties. Transferring this action to Missouri would reduce the burden on witnesses to travel to two separate states to testify about the same set of facts. Furthermore, to the extent the plaintiffs argue that witnesses

would come from all over the country, Missouri is a more central location than Pennsylvania.  Witness convenience and the interest of judicial economy thus favor transfer.  Additionally, given the parties' choice of Missouri law as the governing law of the PDPA, a Missouri court would likely be more familiar with the applicable state law than this Court.

An appropriate order shall issue separately.